IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Willie S. Merriweather, #240382, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Olee Sturkey Esquire, Public Defender | ) | C.A. No.: 2:05-2436-PMD-RSC |
| Office, Edgefield Co. South Carolina; | ) | |
| Officer Glady Mason - Edgefield County | ) | |
| Sheriff Department; George C. Dedmont - | ) | |
| Deputy Sheriff, Edgefield County; Shirley | ) | |
| Newbym Clerk of Court; Davis R. Parham - | ) | |
| Chief Magistrate; Brenda B. Carpenter, | ) | **ORDER** |
| Magistrate; Irvin Mayes, Solicitor ROF S.C. | ) | |
| E.C.; and John Doe 1, Official Capacities, | ) | |
| in their Individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon the United States Magistrate Judge's recommendation that the above-entitled action be summarily dismissed. The record contains a report and recommendation ("R&R") of the Magistrate Judge, made in accordance with 28 U.S.C. § 636 (b)(1)(B). A plaintiff may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Three days are added to the ten-day period if the recommendation is mailed rather than personally served. Plaintiff Willie S. Merriweather ("Plaintiff" or "Merriweather") has timely filed objections to the R&R.

**BACKGROUND**

Plaintiff, a detainee at the Edgefield County Detention Center, alleges in his Complaint that Defendants have violated his constitutional rights in connection with a forgery prosecution. However, the Magistrate Judge found that Plaintiff is barred from filing the instant case without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(g). Specifically, the Magistrate Judge

states: "It is judicially noticed that this Plaintiff has filed more than three (3) prior frivolous cases in this Court since 1997, and that such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 2:01-4255; 6:97-3178; 6:97-3150; 6:97-3149; 6:97-2132; 8:97-2082." (R&R at 2.) Moreover, the Magistrate Judge did not find that Plaintiff's injuries fall within the physical injury exception to the three strikes rule. *See* 28 U.S.C. § 1915(g).[1]

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). Upon review, the court concludes that the R&R accurately summarizes the facts and applies the correct principles of law. Accordingly, the R&R is adopted and incorporated into this Order.

## OBJECTIONS

While the court has some difficulty understanding Plaintiff's arguments, the court reads his Objections to the R&R broadly to find an objection to the Magistrate Judge's application of the

---

[1] The three strikes rule set forth in Section 1915(g) of the Prison Litigation Reform Act provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

three-strikes rule.[2] Thus, as understood by the court, Plaintiff objects both to "being under the 3-strikes rule" and claims that he is "under imminent danger [ ] and serious physical injury." (Obj. at 2.) However, Plaintiff states no reason why the three-strikes rule does not or should not apply to his claim; nor does he state any facts or reasons for the court to conclude that Plaintiff's injuries fall within the injury exception to the three-strikes rule. Accordingly, after a thorough review of the record, including Plaintiff's pleadings and the Magistrate Judge's R&R, the court finds Plaintiff's Objections without merit. In light of the aforementioned, the court concludes that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g), and Plaintiff does not fall within the injury exception to the three-strikes rule.

## **CONCLUSION**

It is therefore, **ORDERED**, for the foregoing reasons, that the action is summarily dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**December 19, 2005**

---

[2] Plaintiff Merriweather proceeds *pro se* in this matter, and therefore, his pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Moreover, the fact that Merriweather proceeds *pro se* encourages the court to give his Objections such a broad reading. *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982); *Sutphin v. Landon,* 803 F.2d 1181, 1986 WL 17910 (4th Cir. 1986).